IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RASHID MALIK LATHON**                                                   **PETITIONER**

**VERSUS**                                           **CIVIL ACTION NO. 3:15-cv-183-DPJ-FKB**

**SHERIFF BILLIE SOLLIE and**
**CAPTAIN UNKNOWN MCCARTHY**                                  **RESPONDENTS**

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Rashid Malik Lathon is a pre-trial inmate presently incarcerated at the Lauderdale County Detention Center in Meridian, Mississippi. He filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After reviewing Lathon's Petition for habeas corpus relief [1] and request for mandamus relief [2], and his other pleadings [5, 7], in conjunction with the relevant legal authority, the Court concludes that Lathon's Petition should be denied.

I.     Background

Lathon states that he is currently incarcerated awaiting trial before the Lauderdale Count Circuit Court for four counts of strong arm robbery and one count of grand larceny. Lathon complains that his indictment was improperly amended to charge him as a habitual offender. Specifically, he claims that he did not serve the required amount of time for the convictions supporting the habitual offender charge. Lathon expresses his requests for relief in varying terms but the substance is the same, he seeks dismissal of the indictment charging him as a habitual offender. Pet. [1] at 16; Pet. [2] at 4; Resp. [5,7] at 2.

II.  Discussion

A.  Request for Habeas Corpus Relief

A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987).  While a pre-trial prisoner has the right to seek federal habeas relief, the availability of such relief is not without limits.  "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973).  Federal habeas relief is not available to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.  A pre-trial prisoner who files a habeas petition in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking an objective that is "normally not attainable through federal habeas corpus." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

Lathon is seeking dismissal of the Lauderdale County Circuit Court indictment charging him as a habitual offender.  He argues that his indictment should not have been amended because he does not meet the statutory requirements to qualify as a habitual offender.  Lathon fails to identify any special circumstances necessitating federal court intervention or disruption of the state's judicial process.  The propriety of Lathon's habitual offender status can be resolved by a trial on the merits in state court or by other procedures of the state court system.  To permit Lathon to "assert an affirmative defense" to his pending charges prior to a judgment of

conviction by the state court "would short circuit the judicial machinery of the state courts." *Brown*, 530 F.2d at 1283 (internal quotations omitted) (citing *Braden*, 410 U.S. at 490). The Court concludes that pre-trial habeas corpus relief is unwarranted. *See id.; Dickerson*, 816 F.2d at 227. Therefore, Lathon's request for habeas corpus relief pursuant to § 2241 will be denied.

  B. Request for Mandamus Relief

To the extent Lathon is asking this Court to direct the judges and prosecutors of the Lauderdale County Circuit Court in the performance of their judicial duties, he is seeking mandamus relief. A petitioner "seeking to have the federal court direct the state court to perform its duties as he wishes" is properly construed as a petition for writ of mandamus. *Rhodes v. Keller,* 77 F. App'x 261, 261 (5th Cir. 2003); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (holding that district court properly construed motion to direct state court activities as petition for writ of mandamus).

"[F]ederal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 F. App'x 290, 290 (5th Cir. 2014) (citing *Moye*, 474 F.2d at 1276); *see also Noble v. Cain*, 123 F. App'x 151, 152 (5th Cir. 2005) (mandamus relief is not available to federal courts to direct state officials in the performance of their duties and functions). Lathon is not entitled to mandamus relief in the form of an order directing a state trial judge or state prosecutors to perform specific duties related to his criminal case.

III.   Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 is denied.  A Final Judgment in accordance with this Order of Dismissal will be entered.

**SO ORDERED AND ADJUDGED** this the 25th day of August, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE